## Snyder ex rel. Snyder v. Snyder

*Kathleen R. Mulligan,* for plaintiff.
*Jeffrey J. Wood,* for defendant.

O'BRIEN, *J.*, November 26, 1986 — On May 22, 1986, defendant filed a petition to terminate support order. On August 21, 1986, plaintiff filed preliminary objections to the petition to terminate. Thereafter, defendant filed a motion to strike the preliminary objections.

The court concludes filing preliminary objections to a petition is not proper. To begin with, the Pennsylvania Rules of Civil Procedure make no provision for filing preliminary objections to petitions. The rules concerning petitions, 206 through 209, mention that an answer may be filed, but do not say that preliminary objections may be filed. Furthermore, rule 1017 contemplates preliminary objections only being filed to a complaint, writ, answer, reply or counter-reply. See note to Pa.R.C.P. 1017(b)(5).

Finally, a significant number of courts have held that preliminary objections to a petition are not proper. *Snyder County Trust Company v. Lee,* 15 D.&C. 3d 26 (1980); *Firbeck Inc. v. Penn Card and Paper Co.,* 23 Bucks L. Rep. 273 (1972); *Tonuci v. Lennon,* 13 D.&C. 2d 791 (1957); *Hollinger v. Penn Harris Real Est. Inc.,* 39 D.&C. 2d 201 (1966). Therefore, the court will grant defendant's motion to strike preliminary objections.

## ORDER OF COURT

And now, November 26, 1986, after careful consideration, it is ordered that defendant's motion to strike preliminary objections is granted and plaintiff's preliminary objections are herewith stricken. Plaintiff has 20 days from the date of this order to file an answer to defendant's petition to terminate support.